**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ALEDA D. ANDERSON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CASE NO. 2:14-CV-00055-JRG |
| V. | § | |
| | § | |
| WAL-MART STORES, INC. | § | |
| | § | |
| DEFENDANT. | § | |

**DEFENDANT'S UNOPPOSED MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Defendant Walmart Stores, Inc. ("Walmart"), Plaintiff's employer,[1] and

files this, its Unopposed Motion to Dismiss, and respectfully shows the Court as follows:

## I.     BACKGROUND

This dispute arises from an alleged on-the-job injury wherein Plaintiff claims she injured

her right shoulder while lifting a plastic tub.  She further claims that the accident was caused by

Walmart's negligence.

Walmart is a non-subscriber to the Texas Workers' Compensation Act.[2] However,

Walmart established an on-the-job injury benefit plan (the "Plan") as a welfare benefit plan

under federal law.[3] The Plan is an occupational injury welfare benefit plan established under the

Employee Retirement Income Security Act of 1974 as amended ("ERISA").[4] All Plan benefits

---

[1] Walmart Associates, Inc., improperly identified in the petition as Walmart Stores, Inc., was Plaintiff's employer.
[2] *See* Exhibit "A," Walmart Stores, Inc. Texas Injury Care Benefit Plan Summary Plan Description.
[3] Exhibit A.
[4] Exhibit A.

payable to or for a participant are paid or provided for by Walmart. The Plan provides benefits

for covered accidents and disease that occur while the participant is performing a job-related

activity within the scope of employment.[5]

In connection with receiving coverage under this Plan, Plaintiff accepted the Plan's

mutual agreement to arbitrate (the "Arbitration Agreement"). The Plan's Arbitration Agreement

subjects to binding arbitration:

> any legal or equitable claim by or with respect to an associate for any form of
> physical or psychological damage, harm or death which relates to an accident,
> occupational disease, or cumulative trauma (including, but not limited to, claims
> of negligence or gross negligence or discrimination; claims for intentional acts,
> assault, batter, negligent hiring/ training/ supervision/ retention, emotional
> distress, retaliatory discharge, or violation of any other noncriminal federal, state
> or other governmental common law, statute, regulation or ordinance in connection
> with a job-related injury, regardless of whether the common law doctrine was
> recognized or whether the statute, regulation or ordinance was enacted before or
> after the effective date of this Policy.[6]

The Arbitration Agreement further states:

> Neither an associate nor an Employer shall be entitled to a bench or jury trial on
> any claim covered by this Policy. This Policy Applies to all associates without
> regard to whether they have completed and signed a Receipt, Safety Pledge and
> Arbitration Acknowledgement form or similar written or electronic receipt. These
> provisions also apply to any claims that may be brought by an associate's spouse,
> children, parents, beneficiaries, Representatives, executors, administrators,
> guardians, heirs or assigns (including, but not limited to, any survival or
> wrongful-death claims).[7]

Plaintiff alleges that on May 11, 2013, she injured her right shoulder while lifting a

plastic bin during the course of her employment.   On  or  about  January  31,  2014  Plaintiff

brought suit against Walmart based on allegations that she was injured on the job due to the

negligence of Walmart. As a result, the present dispute between Plaintiff and Defendant clearly

---

[5] Exhibit A, p.7.
[6] Exhibit A.
[7] Exhibit A.

fall within the scope of the Mutual Arbitration Agreement since it specifies that it covers all claims "for any form of physical or psychological damage, harm or death" relating to an on-the-job accident.[8]

## II.     MOTION TO DISMISS

In the present case, it is uncontested that an agreement to arbitrate exists and that Plaintiff's clams fall within the scope of that agreement.[9] Therefore the parties have agreed to dismiss this case and initiate arbitration before Judicial Workplace Arbitrations in accordance with the parties' arbitration agreement. As a result, Walmart respectfully requests that the Court grant the parties' Unopposed Motion to Dismiss the trial court proceedings.

## III.     RELIEF REQUESTED

**WHEREFORE, PREMISES CONSIDERED**, Walmart prays that this Court enter an Order dismissing this case.

FILED: April 23, 2014

/s/ Jennette E. DePonte_____
Levi G. McCathern, II
State Bar No. 00787990
lmccathern@mccathernlaw.com
Jennette E. DePonte
State Bar No. 00795935
jdeponte@mccathernlaw.com

MCCATHERN, PLLC
Regency Plaza
3710 Rawlins, Ste. 1600
Dallas, Texas 75219
(214) 741-2662 - Telephone
(214) 741-4717 – Facsimile

**ATTORNEYS FOR DEFENDANT
WALMART STORES, INC.**

---

[8] Exhibit A.
[9] Exhibit A.

## CERTIFICATE OF CONFERENCE

On April 22, 2014, the undersigned spoke with counsel for Plaintiff and he is unopposed to the motion to transfer this case to arbitration. On April 23, 2014, counsel for Walmart called counsel for Plaintiff to discuss the Court's request that this motion be styled as a Motion to Dismiss and not a Motion to Transfer Case to Arbitration. After follow-up written correspondence, counsel for Plaintiff stated that he is unopposed to filing this as a Motion to Dismiss.

*/s/ Jennette E. DePonte* _____
Levi G. McCathern/Jennette E. DePonte

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of ***Unopposed Motion to Transfer Case to Arbitration*** was served via ECF upon counsel of record as noted herein below on the 23nd day of April, 2014.

Tom Carse
6220 Campbell Rd, Suite 401
Dallas, Texas 75248
tom@carselaw.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Jennette E. DePonte* _____
Levi G. McCathern/Jennette E. DePonte